# SUPREME JUDICIAL COURT

FOR THE COUNTY OF

# YORK.

## APRIL TERM.

### 1828.

---

### EMERSON *vs.* TOWLE.

The time of returning into the clerk's office an execution extended on land, is not material, if it has been recorded in the registry of deeds within three months after the extent.

IN a petition for partition of lands, to which the respondent claimed title, under the plea of sole seisin, the title of the petitioner was derived from an attachment of the land *March* 25, 1824, upon a writ in his own favor against one *Stephen Towle*; and a subsequent extent of the execution issued in that case, which was made *Dec.* 22, 1824, within thirty days after judgment, and was recorded *Feb.* 8, 1825; but the execution was not returned to the clerk's office until more than a year after it was recorded, nor until after the present process was commenced. The respondent claimed under a deed of conveyance from the same *Stephen Towle* to himself, made *Aug.* 14, 1823, but not recorded until *March* 26, 1824, being one day after the attachment.

The respondent contended that the petitioner, an attaching creditor, could not hold the land against him by virtue of the extent, he having neglected to return his execution into the clerk's office for

more than a year after the extent, and until after this process was commenced. And *Preble J.* reserved this point for the consideration of the court, directing the jury to find for the petitioner.

*J.* and *E. Shepley*, for the respondent, maintained the point taken at the trial, insisting that as the execution must be returned to the clerk's office, in order to complete the title of the petitioner, and no time was specified in the statute; it must at least be done within a reasonable time, and, at all events, before suit commenced upon his title. But neither of these was done in the present case; and as the rights of the parties are to be determined by the state of things existing at the time of the commencement of the suit, and at that time the petitioner had not a perfect title, it was manifest that he could not retain the verdict. They cited *Ladd v. Blunt* 4. *Mass.* 402. *Heywood v. Hildreth* 9. *Mass.* 395. *Gorham v. Blazo* 2. *Greenl.* 237. *M'Lellan v. Whitney* 15. *Mass.* 137. 5. *Mass.* 403.

*Greenleaf*, for the petitioner, referred to the statute rendering the registry of a deed necessary, in order to complete the title as against strangers; and to the uniform construction, that it was sufficient if it was recorded before it was read in evidence; and such, he said, was by plain analogy the law in this case. *The United States v. Slade* 2. *Mason*, 71. *Prescott v. Pettee & al.* 3. *Pick.* 331.

WESTON J. delivered the opinion of the Court at the ensuing term in *Cumberland.*

In the case of *Prescott v. Pettee* 3. *Pick.* 331, cited in the argument, the question presented in the case before us was discussed; and *Parker C. J.* by whom the opinion of the court was delivered, went into an elaborate consideration of the laws of the colony, province and commonwealth, of Massachusetts, upon the subject; with a view to arrive at the meaning of the legislature, in regard to the return of the execution into the clerk's office. The reporter deduces, as the result of this opinion, that if it be returned, before it is offered in evidence although after the return day, it is sufficient. And this deduction seems to be warranted by the reasoning of the

Chief Justice.    The record in the register's office, gives effectual notice of the levy.   It is the place, appointed by law, for the information of purchasers, and others, interested to know the fact.   The grounds of that decision exist, with equal force, in this State.   Our law is the same ; and the illustration, derived from former laws, is as applicable here, as in Massachusetts.   We are satisfied with the opinion cited, to which we refer ; without repeating the reasons, upon which it is founded.                    *Judgment on the verdict.*